# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VALAXQUEREZ BUSH,

                Plaintiff,                Case Number: 2:10-cv-13939

v.                                   HONORABLE GERALD E. ROSEN

STEVE ADAMS and TIM NIEMANNS,

                Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Valaxquerez Bush is incarcerated at the Washtenaw County Jail. He has filed a *pro se* civil rights complaint alleging that he received ineffective assistance of counsel in the proceedings leading to his incarceration. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court shall dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff states that Defendants Tim Niemanns and Steve Adams are attorneys who represented him in the criminal proceedings in Washtenaw County Circuit Court, pursuant to which he is now incarcerated. Plaintiff claims that Defendants rendered ineffective

_____

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

assistance in that matter.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, Defendants were not acting under color of state law while representing Plaintiff. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

To the extent that Plaintiff claims that his incarceration is invalid because he received ineffective assistance of counsel, he also fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert a claim that he was deprived of his right to the

effective assistance of counsel, he must do so by filing a habeas corpus petition under 28 U.S.C.

§ 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because

he does not allege that his claims are exhausted, *see Parker v. Phillips*, 27 F. App'x 491, 494

(6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition

because Plaintiff may want to assert additional or different claims for relief in a habeas corpus

petition than those contained in the complaint.

For the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2), for failure to state a claim upon which relief may be granted.

**SO ORDERED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 25, 2010

I hereby certify that a copy of the foregoing document was served upon Valaxquerez Bush, Washenaw County Jail, 2201 Hogback Road, An Arbor, MI 48105 on October 25, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager